IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 27 2017
JAMES W. McCORMACK, CLERK
By: _____ CLERK

**RAYMOND HATCHER, Individually and
on behalf of All Others Similarly Situated**                          **PLAINTIFF**

vs.                                     No. 3:17-cv-190-DPM

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

**FRANK A. ROGERS & CO., INC.,
and EDWARD SCOGGINS**                                               **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Raymond Hatcher ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Frank A. Rogers & Co., Inc., and Edward Scoggins (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.    Plaintiff, individually and on behalf of others similarly situated, brings this action against Defendants for violations of the overtime requirements of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA").

2.    Plaintiff seeks to certify a collective action pursuant to Section 216 of the FLSA and a class action pursuant to the AMWA and Rule 23 of the Federal Rules of Civil Procedure.

3.    Plaintiff further seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs and a reasonable attorneys' fees, within

the applicable statutory limitations period as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated proper minimum wages and overtime compensation under the FLSA and the AMWA.

4. The relevant time period of this Complaint is all of the time within the three years immediately preceding the filing of this Complaint until such time as judgment is entered.

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

7. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District Pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Plaintiff Raymond Hatcher is a resident of Crittenden County. He was employed by Defendants as a Construction Worker within the three (3) years preceding the filing of this Original Complaint at Defendants' office located in West Memphis.

11. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

12. Defendant Frank A. Rogers & Co., Inc., is an Arkansas for profit corporation licensed to do business in the State of Arkansas, providing general contractor services.

13. Defendant Frank A. Rogers & Co., Inc.'s annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

14. During each of the three years preceding the filing of this Complaint, Defendant Frank A. Rogers & Co., Inc., had at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, building materials, construction supplies, vehicles, hand tools, and other goods necessary to operate a general contractor service.

15. Defendant Frank A. Rogers & Co., Inc.'s registered agent for service of process is J.E. Scoggins, 6 Holmes Street, Newport, Arkansas 72112.

16. Defendant Edward Scoggins ("Scoggins") is a principal, director and/or officer of Frank A. Rogers & Co., Inc.

17. Upon information and belief, Defendant Scoggins controls or has the right to control the day-to-day operations of Defendant Frank A. Rogers & Co., Inc., such that he is liable to Plaintiff as an employer under the FLSA.

18. Defendant Scoggins established and/or maintained the policies at issue in this case.

19. Defendant Scoggins was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

### IV.     FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a construction worker.

22. As a construction worker, Plaintiff's primary duties were to construct buildings.

23. In order to perform his duties as a construction worker, Plaintiff was required to arrive at Defendants' office yard at the start of his shift in order to load tools into Defendants' vehicles and meet other crew workers where they would travel to construction sites in Defendants' vehicles.

24. Conversely, Plaintiff would be required to return to Defendants' office yard after finishing work at Defendants' construction sites in order to return Defendants' vehicles.

25. Plaintiff was classified as an hourly employee the entire duration of his employment with Defendant.

26. It was Defendants' policy to not pay Plaintiff and other construction workers for all the travel time required to return to Defendants' office yard.

27. Plaintiff and other construction workers worked more than forty (40) hours per week on a regular, typical basis while working for Defendants.

28.     Plaintiff and the class performed their first compensable act at the yard all or almost all days that they worked.

29.     As a result, Plaintiff and other construction workers were deprived of regular wages and overtime compensation for all of the hours over forty (40) per week.

30.     Defendants knew or showed reckless disregard for whether the way it paid Plaintiff and its other construction workers violated the FLSA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

#### A.     FLSA § 216(b) Classes

31.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32.     Plaintiff brings his FLSA claims on behalf of all hourly workers who were employed at Frank A. Rogers & Co., Inc., who were or will be employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

a.      Payment for all hours worked, including overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

b.      Liquidated damages and attorneys' fees.

33.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

34.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective and Class Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

35. The members of the proposed FLSA Class are similarly situated in that they share these traits:

   a. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

   b. They were paid hourly;

   c. They recorded their time in the same manner; and

   d. They were subject to Defendants' common policy of denying overtime pay for all hours worked over forty (40) per work week.

36. Plaintiff is unable to state the exact number of the potential members of the Hourly FLSA Class but believes that the class exceeds fifty (50) persons.

37. Defendants can readily identify the members of the Section 16(b) classes. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Classes

38. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

39. Plaintiff proposes to represent the class of hourly workers who are/were employed by Defendants within the relevant time period within the State of Arkansas.

40.     Common questions of law and fact relate to all members of the proposed Hourly AMWA Class, such as whether Defendants paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

41.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA Class.

42.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

43.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

44.     Concentrating the litigation in this forum is highly desirable because Defendant is based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked with in Arkansas.

45.     No difficulties are likely to be encountered in the management of this class action.

46.  The claims of Plaintiff are typical of the claims of the proposed classes in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

47.  Plaintiff and his counsel will fairly and adequately protect the interests of the class.

48.  Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

49.  Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

50.  Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

51.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52.  At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

53.  At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

56. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

57. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

58. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. SECOND CLAIM FOR RELIEF
(Individual Claim for Violation of the AMWA)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

61. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

62. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

63. Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA.

64. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

65. Defendants willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

66. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

### VIII. THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

67. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

68. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

69. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

70. Defendants classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

71. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

72. Defendants willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

73. By reason of the unlawful acts alleged herein, Defendants are liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

74. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

75. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

76. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

77. Defendants classified Plaintiff and the members of the proposed class as non-exempt from the overtime requirements of the FLSA and the AMWA.

78. Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendants failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

79. Defendants willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

80. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

81. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Raymond Hatcher, individually on behalf of all members of the proposed Section 216 and Rule 23 classes, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. For orders regarding certification of and notice to the proposed collective and class members;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E. Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed class members during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

I. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

J.  Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **RAYMOND HATCHER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 S. Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

By: _/s/ Stacy Gibson_
     Stacy Gibson
     Ark. Bar No. 2014171
     stacy@sanfordlawfirm.com

and _/s/ Josh Sanford_
     Josh Sanford
     Ark. Bar No. 2001037
     josh@sanfordlawfirm.com