# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**RAYMOND HATCHER,**
**Individually and on Behalf of**
**All Others Similarly Situated**                                        **PLAINTIFF**

**v.**                              **No. 3:17-cv-190-DPM**

**FRANK A. ROGERS & CO, INC.;**
**and EDWARD SCOGGINS**                              **DEFENDANTS**

## ORDER

The Court appreciates the parties' addendum. All material things considered, the proposed settlement is fair, reasonable, and adequate. *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). The parties' agreement is attached. The settlement reflects a good-faith compromise of disputed issues based on a thorough investigation of the wage-related facts. The lawyers' fees are modest given all the work shown in the docket. In these circumstances, the Court has adequate information to evaluate them without reviewing billing records. The joint motion to approve the settlement, № 31, is granted. Hatcher's complaint will be dismissed with prejudice.

So Ordered.

D.P. Marshall Jr.
United States District Judge

30 November 2018

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between Frank A. Rogers & Co., Inc. (as well as its former and current directors, officers, agents, employees, attorneys, predecessors, successors, subsidiaries, and affiliated entities) and Edward Scoggins (collectively "Defendants"), on the one hand, and Raymond Hatcher ("Mr. Hatcher"), Bryan Herring ("Mr. Herring"), Thomas Peoples ("Mr. Peoples"), Jerry Jewell ("Mr. Jewell"), and Harold Ray Barnhill ("Mr. Barnhill") (collectively, "Plaintiffs"), on the other hand, in the case of *Raymond Hatcher v. Frank A. Rogers & Co., Inc. and Edward Scoggins*, Case No. 3:17-cv-00190-DPM, filed in the U.S. District Court of the Eastern District of Arkansas (the "Lawsuit").

## RECITALS

WHEREAS, Mr. Hatcher filed this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), individually and on behalf of a collective group pursuant to 29 U.S.C. § 216(b), and violations of the Arkansas Minimum Wage Act ("AMWA"), individually and on behalf of a putative class under Federal Rule of Civil Procedure 23 ("Rule 23") on July 27, 2017 (Doc. 1);

WHEREAS, Defendants filed an Answer denying the material allegations in the Complaint on September 11, 2017 (Doc. 4);

WHEREAS, pursuant to 29 U.S.C. § 216(b), the Court conditionally certified a collective action for the FLSA claims in the Lawsuit on October 31, 2017 (Doc. 15);

WHEREAS, six additional individuals opted into the FLSA collective action (Docs. 19-24);

WHEREAS, no Rule 23 class has been certified;

1

WHEREAS, the parties reached an agreement fully and finally settling the Plaintiffs' claims in the Lawsuit (the "Settlement"), and hereby reduce those terms to a formal agreement for Court approval;

WHEREAS, Defendants deny all the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to these alleged facts or causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever have agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome in the Lawsuit is uncertain and that achieving the final result through the litigation process would require substantial additional risk, discovery, time, and expense to both parties;

WHEREAS, the Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and have determined that the settlement as provided in this Settlement Agreement is in the best interests of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1.  **Settlement.** It is agreed by and among the parties that this Lawsuit and any claims, damages, or causes of action arising out of or related to the dispute which is the subject of said

Lawsuit, be settled and compromised as between the Plaintiffs and Defendants, subject to court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

2.     **Settlement Payments to Plaintiffs.**  Within fourteen (14) days of the date that this Settlement Agreement is approved by the Court and the Lawsuit dismissed with prejudice, the Plaintiffs will each receive a lump sum payment (each a "Settlement Payment") in the following amounts:

(a)     Defendant will pay to Mr. Hatcher the lump sum of Five Thousand Two Hundred Ninety-Two Dollars and Seventeen Cents ($5,292.17);

(b)     Defendant will pay to Mr. Herring the lump sum of Three Hundred Twenty-Seven Dollars and Thirty-Six Cents ($327.36);

(c)     Defendant will pay to Mr. Peoples the lump sum of Six Hundred Fifty-Three Dollars and Sixty-Three Cents ($653.63);

(d)     Defendant will pay to Mr. Jewell the lump sum of One Thousand Three Hundred Two Dollars and Ninety-Nine Cents ($1,302.99); and

(e)     Defendant will pay to Mr. Barnhill the lump sum of Two Thousand Two Hundred Fifty-Four Dollars and Two Cents ($2,254.02).

Defendants will issue each Plaintiff a W-2 for the Settlement Payments.  Plaintiffs agree that the Settlement Payments are not otherwise due and owing to them.

3.     **Reasonable Attorneys' Fees and Costs.**  Defendants will pay to Plaintiffs' counsel, Sanford Law Firm, PLLC, the lump sum of Eight Thousand One Hundred Twenty-Five Dollars and Five Cents ($8,125.05), representing the reasonable attorneys' fees and costs incurred by Plaintiffs in pursuing the Lawsuit.  Defendants shall report the payment to Sanford Law Firm,

PLLC using an IRS Form 1099. Each party will otherwise bear his or its respective costs and fees, including attorneys' fees, incurred in this matter and regarding the Lawsuit.

4. **Settlement Approval.** The parties agree to seek the Court's approval of the Settlement Agreement. The parties will file a Joint Motion for Final Approval of Settlement with the Court and a Proposed Order Approving Settlement in a form substantially similar to the form attached hereto and made a part of the Settlement Agreement as Exhibit A. The parties will cooperate and take all necessary steps to effectuate judicial approval of the Settlement Agreement.

5. **General Release.** Plaintiffs agree to remise, release, and forever discharge Defendants and each of their agents, directors, officers, employees, representatives, attorneys, subsidiaries, affiliates, and their predecessors, successors, heirs, executors, administrators and assigns, and all persons acting by, through, under, or in concert with any of them (collectively the "Defendant Releasees"), from any and all matters, claims, complaints, charges, pending charges, demands, damages, causes of action, debts, liabilities, controversies, judgments, and suits of every kind and nature whatsoever, foreseen or unforeseen, known or unknown, pending or not pending, liquidated or unliquidated, whether or not asserted in the Lawsuit, up to and including the date of this Agreement ("Claims") that Plaintiffs may have relating to their employment with or treatment by Defendants, including Claims for loss of reputation, humiliation, personal and social embarrassment, loss of status and stature, punitive damages, costs, expenses, and attorneys' fees; Claims arising under any breach of an actual or implied contract of employment between any Plaintiff and any Defendant; any Claim of unjust or tortious discharge (including any Claim of fraud, negligence, or intentional or negligent infliction of emotional distress, negligent hire/retention/supervision, or defamation); or any Claims of violations arising under the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the

SLC-6999002-4

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* as amended by the Consolidated Omnibus Budget Reconciliation Act ("COBRA") as amended by the American Recovery and Reinvestment Act of 2009 ("ARRA"), the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.*, Arkansas Equal Pay Law, Ark. Code Ann. § 11-4-601 *et seq.*, Arkansas Genetic Information in the Workplace Act, Ark. Code Ann. § 11-5-401 *et seq.*, AMWA, Ark. Code Ann. § 11-4-203 *et seq.*, Arkansas Wage Payment Laws, Ark. Code Ann. § 11-4-401 *et seq.*, or any other relevant federal, state, or local statutes or ordinances.

6.    **Potential Voiding of the Settlement Agreement.**  A failure of the Court to approve any material condition of this Settlement Agreement that effects a fundamental change of the Parties' Settlement Agreement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.

7.    **Publicity.**  Neither the Parties nor their counsel shall issue any press release about the Settlement or its terms.

8.    **Service or Notice.**  Whenever, under the terms of this Settlement Agreement, a person is required to provide service or written notice to Defendants or Plaintiffs, such service or notice shall be directed to the individuals and addresses specified below:

As to Plaintiffs' Counsel or Plaintiffs:

      Josh Sanford
      Sean Short

SLC-6999002-4

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211

As to Defendants:

Hillary Klein
HUSCH BLACKWELL LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402

9. **No Admission of Liability.** By entering into this Settlement Agreement, Defendants admit no liability of any kind, and Defendants expressly deny any liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement nor any document, statement, proceeding, or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

(a) Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Defendants, including but not limited to evidence of any presumption, concession, indication, or admission by any of the Defendants of any liability, fault, wrongdoing, omission, concession, or damages; or

(b) Disclosed, referred to, or offered or received in evidence against any of the Defendants, in any further proceeding in the Lawsuit or any other civil, criminal, or administrative action or proceeding except for purposes of settling this Lawsuit pursuant to the Settlement Agreement.

10.    **Choice of Law.**  The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Arkansas whether or not any party is or may hereafter be a resident of another state.

11.    **Extension of Time.**  The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

12.    **No Waivers, Modifications, Amendments.**  This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement.  No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

13.    **Agreement to Cooperate/Severability.**  The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed severable, and the invalidity or

SLC-6999002-4

unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

14. **Counterparts.** This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval with the Final Order Approving Settlement and there is no further recourse by an appellant or objector who seeks to contest the Settlement Agreement. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Plaintiffs and Defendants had signed the same instrument. Any signature made and transmitted by facsimile for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

15. **Corporate Signatories.** Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

16. **Captions.** The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

SLC-6999002-4

**PLAINTIFFS**

By: Raymond Hatcher, signature forthcoming

Printed Name: Raymond Hatcher

Date: Nov 8, 2018

**DEFENDANT FRANK A. ROGERS & CO., INC.**

By:/s/ Edward Scoggins

Printed Name: Edward Scoggins

Title:

Date: November 8, 2018

**DEFENDANT EDWARD SCOGGINS**

/s/ Edward Scoggins

Printed Name: Edward Scoggins

Date: November 8, 2018

**REVIEWED AND APPROVED AS TO FORM:**

**SANFORD LAW FIRM, PLLC**

By: /s/ Josh Sanford

Printed Name: Josh Sanford

**Attorneys for Plaintiffs**

9

**REVIEWED AND APPROVED AS TO FORM:**

**HUSCH BLACKWELL LLP**

By: */s/ Hillary Klein*

Printed Name: Hillary Klein

**Attorneys for Defendants**

SLC-6999002-4